## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Mary Ann Bright<br>     Gerald M. Bright<br><br>             Debtors | CHAPTER 13 |
| MidFirst Bank<br><br>            Movant<br>    vs. | NO. 14-17570 MDC |
| Mary Ann Bright<br>Gerald M. Bright<br><br>             Debtors | 11 U.S.C. Section 362 |
| William C. Miller<br><br>             Trustee | |

## ORDER

AND NOW, this *12th* day of *September*, 2017, upon consideration of the motion of MidFirst Bank, and/or upon the failure of Debtors and the Trustee to file an answer or otherwise plead, it is:

ORDERED THAT: The Motion for Relief from the Automatic Stay is granted and the automatic stay of all proceedings, as provided under Section 362 of Title 11 of the United States Code (the Bankruptcy Code), as amended, is modified with respect to the subject premises located at 509 Tasker Avenue, Norwood, PA 19074 ("Property"), so as to allow Movant, or its successor or assignee, to proceed with its rights and remedies under the terms of the subject mortgage and pursue its *in rem* State Court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. ~~Additionally, the automatic stay, having been lifted, shall not prohibit any purchaser of the Property at Sheriff's Sale (or purchaser's assignee) from taking any legal action for enforcement of its right to possession of the Property.~~

_____
United States Bankruptcy Judge.