United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                            Case No. 14-17570-mdc
Mary Ann Bright                                                   Chapter 13
Gerald M. Bright
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Jan 26, 2018
                              Form ID: 3180W           Total Noticed: 14
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 28, 2018.
db/jdb         +Mary Ann Bright,    Gerald M. Bright,    509 Tasker Avenue,   Norwood, PA 19074-1322
13391799       +MOHELA/Dept of Ed,    633 Spirit Dr,    Chesterfield MO 63005-1243
13758976       +MidFirst Bank,    999 Northwest Grand Blvd.,    Oklahoma City, OK 73118-6051
13416293       +TD BANK USA, N.A.,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Jan 27 2018 01:41:07      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 27 2018 01:40:07
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 27 2018 01:40:57      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13513296       +E-mail/Text: bncmail@w-legal.com Jan 27 2018 01:40:48      ALTAIR OH XIII, LLC,
                 C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
13394444        EDI: AIS.COM Jan 27 2018 01:28:00      American InfoSource LP as agent for,   Spot Loan,
                 PO Box 248838,   Oklahoma City, OK  73124-8838
13464279       +E-mail/Text: bncmail@w-legal.com Jan 27 2018 01:40:48      CERASTES, LLC,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
13396062       +EDI: TSYS2.COM Jan 27 2018 01:28:00      Department Stores National Bank/Macys,
                 Bankruptcy Processing,    Po Box 8053,   Mason, OH 45040-8053
13464012        EDI: PRA.COM Jan 27 2018 01:28:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13422946        EDI: Q3G.COM Jan 27 2018 01:28:00      Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,   Kirkland, WA  98083-0788
13416142        EDI: AGFINANCE.COM Jan 27 2018 01:28:00      Springleaf Financial Services,   PO Box 3251,
                 Evansville, IN 47731
                                                                                               TOTAL: 10

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 28, 2018                                             Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 25, 2018 at the address(es) listed below:
              ANDREW  SPIVACK    on behalf of Creditor    CitiMortgage, Inc. paeb@fedphe.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    MidFirst Bank bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              CRAIG H. FOX    on behalf of Creditor    Springleaf Financial Services of Pennsylvania, Inc.
               bankruptcy@foxandfoxlaw.com,    cfox@foxandfoxlaw.com;foxandfoxattorneysatlaw@gmail.com
              JEROME B. BLANK    on behalf of Creditor    CitiMortgage, Inc. paeb@fedphe.com
              JOSEPH ANGEO DESSOYE    on behalf of Creditor    CitiMortgage, Inc. paeb@fedphe.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    CitiMortgage, Inc. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com
              ROBERT H. HOLBER    on behalf of Debtor Mary Ann  Bright rholber@holber.com
              ROBERT H. HOLBER    on behalf of Joint Debtor Gerald M. Bright rholber@holber.com
```

```
District/off: 0313-2           User: admin                Page 2 of 2                  Date Rcvd: Jan 26, 2018
                               Form ID: 3180W             Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          THOMAS I. PULEO    on behalf of Creditor    MidFirst Bank tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                TOTAL: 15

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Mary Ann Bright** | Social Security number or ITIN    xxx–xx–3007 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Gerald M. Bright** | Social Security number or ITIN    xxx–xx–4406 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **14–17570–mdc** | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Mary Ann Bright        Gerald M. Bright

<u>1/25/18</u>        **By the court:**    <u>Magdeline D. Coleman</u>
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**